IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HORACE P. BILLINGS | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | CIVIL NO. 06-2760 (JBS) |
| v. | |
| CYNTHIA DEAN, Administratrix of the Estate of T.H. KNAPP, Jr., | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE, District Judge:**

This matter comes before the Court on the motion of Defendant, Cynthia Dean ("Defendant"), Administratrix of the Estate of Travis H. Knapp, Jr., ("Decedent")[1] to dismiss plaintiff's complaint due to lack of personal jurisdiction (Fed. R. Civ. P. 12(b)(2) and improper venue (Fed. R. Civ. P. 12(b)(3)). For the reasons expressed below, the Court will grant Defendant's motion to dismiss.

**The Court finds as follows:**

1. Plaintiff is Horace Patterson Billings ("Plaintiff"), a resident of New Jersey. (Complaint.) Acting pro se, Plaintiff brought this action for damages related to a car accident that took place on June 26, 2004. (Id.) Specifically, Plaintiff seeks money damages for (1) his damaged vehicle, (2) dental

_____

[1] Cynthia Dean in the step-daughter of the Decedent, Travis H. Knapp, Jr. ((Affidavit of Cynthia Dean ¶ 5, Def.'s Br. at Ex. 4.)

repairs he needed as a result of the accident, and (3) pain and suffering. (Id. at 4.)  Defendant is a citizen of the State of Virginia. (Affidavit of Cynthia Dean ¶ 12, Def.'s Br. at Ex. 4.) Plaintiff claims that this Court can properly hear this case under diversity jurisdiction. See 28 U.S.C. § 1332(a).

2.  The car accident that lead to Plaintiff's injuries occurred in Saluda, Virginia. (Id.)  According to the police report completed by the Virginia State Police, Plaintiff was driving his vehicle on Route 17 in Saluda when he struck Travis H. Knapp., Jr., who was a pedestrian on Route 17. (Police Report, Def.'s Br. at Ex. 2.)  According to the Complaint, the accident was witnessed by an individual named "Mr. Johnson," a resident of Virginia. (Complaint at 1.)  The Virginia State Police investigated the accident and completed a police report detailing the accident. (Police Report, Def.'s Br. at Ex. 2.) According to the Complaint, as a result of the injury, Plaintiff was required to undergo dental treatment that he received from Dr. Hollis Walcott, D.D.S. (Complaint.)  Dr. Walcott's dental practice is located in Tappahannock, Virginia. (Def.'s Br. at Ex. 3.)

3.  According to Defendant, the Decedent was a life-long resident of the State of Virginia who had no contact whatsoever with the State of New Jersey. (Dean Aff. ¶ 7.)  Decedent never lived in, owned property, or possessed assets in the State of New

2

Jersey.  (Id. ¶ 8.)  Moreover, the Decedent was never employed in the State of New Jersey nor did he ever transact business, maintain a bank account, or pay taxes in New Jersey.  (Id. ¶ 9-11.)  Finally, Decedent's estate was probated in the State of Virginia.  (Id. ¶ 4.)

4.  According to Defendant, she too is a life-long resident of the State of Virginia who has no contacts with the State of New Jersey.  (Id. ¶ 12.)  To this end, Defendant asserts that she never lived in, owned property or possessed assets in New Jersey nor has she ever been employed in, transacted business in, maintained a bank account in, or paid taxes in New Jersey.  (Id. ¶ 13-15.)

5.  Under Fed. R. Civ. P. 4(e), a district court has personal jurisdiction over nonresident defendants "to the extent authorized under the law of the forum state in which the district court sits."  Sunbelt Corp. V. Noble, Denton & Assoc., Inc., 5 F. 3d 28, 31 (3d Cir. 1993).  New Jersey's long-arm statute extends personal jurisdiction to the boundaries of the Due Process Clause Fourteenth Amendment.  See N.J. Ct. R. 4:4-4.  Thus, here the only analysis that this Court must perform is whether the assertion of personal jurisdiction over Defendant satisfies the Due Process Clause.

6.  A plaintiff may establish jurisdiction in a forum either by showing that the defendant has continuous and systematic

contacts with the forum (general jurisdiction) or that the cause
of action arose out of defendant's activities within the forum
state (specific jurisdiction).  Helicopteros Nacionales de
Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984).  To establish
either general or specific jurisdiction, a plaintiff must show
that each of the defendant's relevant contacts with the forum are
shaped by purposeful conduct making it reasonable for the
defendant to anticipate being haled into court here.  World-Wide
Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  "[I]t is
essential in each case that there be some act by which the
defendant purposefully avails itself of the privilege of
conducting activities within the forum state, thus invoking the
benefit of the protection of its laws."  Hanson v. Denckla, 357
U.S. 235, 253 (1958).

    7.  "In any action the plaintiff bears the burden of
demonstrating contacts with the forum state sufficient to give
the court in personam jurisdiction."  Compagnie des Bauxites de
Guinee v. L'Union Atlantique S.A. D'Assurances, 723 F.2d 357, 362
(3d Cir. 1983).  However, the plaintiff must only make out a
prima facie case of minimum contacts.  See Grand Entm't Group
Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 483 (3d Cir. 1993)
(after plaintiff makes prima facie case of minimum contacts,
burden shifts to defendant to show jurisdiction would be
unreasonable).  Furthermore, the Court must construe the facts in

4

the light most favorable to Plaintiff and must resolve disputed
facts in favor of Plaintiff in determining whether he has met his
burden of proving that personal jurisdiction is proper through
affidavits or other competent evidence.  Dayhoff Inc. v. H.J.
Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996).

       8.  A plaintiff asserting that a court has specific
jurisdiction over a foreign defendant must establish that the
defendant (1) has made the necessary "minimum contacts" with the
forum for the assertion of jurisdiction, and (2) those contacts
must be deemed reasonable, such that the court's assertion of
jurisdiction "would comport with 'fair play and substantial
justice.'"  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476
(1985) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 320
(1945)).  To determine that a defendant has the minimum necessary
contacts with the forum state the Court must find that "the
defendant purposefully avails itself of the privilege of
conducting activities with the forum State, thus invoking the
benefits and protection of its laws."  Hanson, 357 U.S. at 253.
"A single, unsolicited contact, random or fortuitous acts or the
unilateral acts of others (including the plaintiff) do not
constitute a purposeful connection between the defendant and the
forum state."  Osteotech v. Gensci Regeneration Sciences, Inc., 6
F. Supp. 52, 56 (D.N.J. 1998) (citing Burger King, 471 U.S. at
476).

9.  An exercise of general jurisdiction is consistent with due process only when the plaintiff has satisfied the "rigorous" burden of establishing that the defendant's contacts are continuous and substantial.  See Giangola v. Walt Disney World Co., 753 F. Supp. 148, 154 (D.N.J.1990).  If the defendant maintains continuous and substantial contacts with the forum generally, the contacts need not be specifically related to the underlying cause of action.  Int'l Shoe, 326 U.S. 310; Provident Nat'l Bank v. California Fed. Sav. and Loan Ass'n, 819 F.2d 434, 438 (3d Cir. 1987).

10.  In this case, the Court does not have general or specific personal jurisdiction over Defendant.

11.  There is no general jurisdiction because Plaintiff has not come forward with any showing that either Defendant has or the Decedent had systematic and continuous contacts with the State of New Jersey.  Plaintiff's opposition to Defendant's motion to dismiss is devoid of affidavits or other competent evidence to demonstrate that Defendant or the Decedent had any contacts with New Jersey in order to indicate that either purposefully availed themselves of this forum.  In fact, Plaintiff's opposition contains no factual or legal arguments that refute any facts put forth by Defendant in her motion or included in her affidavit that would in any way provide a basis for the Court to find general jurisdiction.

13.   Nor does this Court have specific jurisdiction in this action.  According to the Complaint, the car accident that lead to Plaintiff's injuries at issue occurred in Virginia, not in New Jersey.  Moreover, the matter was investigated by the Virginia State Police and the only alleged witness of the accident is a resident of Virginia.  Plaintiff's dental injuries were also treated by a dentist in Virginia.  Thus it is clear that the events at issue took place in Virginia and not in New Jersey, where neither Defendant nor the Decedent have ever had any substantive contacts.  Thus, because there is no conduct of Defendant nor the Decedent in New Jersey that is connected to this incident, there is no "forum-related conduct [that] form[s] the basis of the alleged injuries and [this] resulting litigation."  Helicopteros, 466 U.S. at 408.

14.  Accordingly, the Court will grant Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(2) because the Court lacks personal jurisdiction over either Defendant or the Decedent. Because the Court will dismiss Plaintiff's complaint for lack of personal jurisdiction, this Court need not (and will not) address Defendant's motion for dismissal based on improper venue.  See Fed. R. Civ. P. 12(b)(3).

**CONCLUSION**

For the foregoing reasons, the Court will grant Defendant Cynthia Dean's motion to dismiss [Docket Item 3] due to lack of personal jurisdiction.  The accompanying Order will be entered.


**January 25, 2007**                    **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                         U.S. District Judge

8